# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

Willie Charles Townsend,

                Petitioner,

v.

United States of America,

                Respondent.

_____/

Criminal Action No.
4:12-cr-00009-5

Civil Action No.
4:19-cv-00254

Michael L. Brown
United States District Judge

## <u>ORDER</u>

Petitioner Willie Charles Townsend pled guilty to two counts: (1) conspiracy to commit armed robbery and (2) using and carrying a firearm in furtherance of an attempted robbery in violation of 18 U.S.C. § 924(c).  (Dkt. 177.)  He was sentenced to ninety-six months for Count One to be followed by eighty-four months for Count Two.  (Dkt. 185.)  In 2019, the Supreme Court found 18 U.S.C. § 924(c)'s residual clause to be unconstitutionally vague.  *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).  The Eleventh Circuit applied that ruling retroactively.  *See In re Hammoud*, 931 F.3d 1032, 1038 (11th Cir. 2019).

Petitioner was one of several defendants the government investigated and charged in this case.  (Dkt. 1.)  Those defendants were all charged with the same crimes and all pled guilty.[1]  (*See, e.g.*, Dkts. 193; 196.)  Four of the co-conspirators have now moved for a resentencing because the remaining time on their sentence is for a charge the Supreme Court found unconstitutional.  (*See* Dkts. 369; 371; 376; 388.)  The co-conspirators have filed nearly identical motions.  (*Id.*)  The government has responded with a nearly identical response, arguing the petitioners waived their right to collaterally attack the sentence and procedurally defaulted their claims.  (Dkts. 374; 375; 378; 390.)  Ruling on the habeas motion for one of Petitioner's co-conspirators, the Court found the petitioner could not waive this challenge and the petitioner had shown cause and prejudice for the failure to bring this claim at the district court or on direct appeal.  (Dkt. 412.)  The Court adopts that reasoning here.

As a result, the Court **GRANTS** Petitioner Willie Charles Townsend's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 371) and **VACATES** Petitioner's conviction on Count 2 of the

---

[1] The government also charged two of the defendants with possession of a firearm by a felon.  (*See* Dkt. 1 at 5–6.)

Indictment.   The Court will confer with counsel and schedule a resentencing on Count 2.  The Court **DENIES AS MOOT** Petitioner's Motion to Expedite Decision on Pending § 2255 Motion (Dkt. 397).

      **SO ORDERED** this 3rd day of June, 2020.

_____

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE